UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURTIS S. THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BENJAMIN SANDERS, M.D.,<br><br>　　　　　Defendant. | C08-1065 TSZ<br><br>ORDER |

　　　　THIS MATTER comes before the Court on the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge ("R&R"), docket no. 167. Having reviewed the R&R, plaintiff's objections to the R&R, docket no. 170, and defendant's response to plaintiff's objections, docket no. 172, the Court enters the following order.

**<u>Discussion</u>**

　　　　This case was remanded by the United States Court of Appeals for the Ninth Circuit solely with respect to plaintiff's claim, under 42 U.S.C. § 1983, for deliberate indifference to serious medical conditions. <u>See</u> Memorandum (docket no. 136). The only defendant remaining in this action is Benjamin Sanders, M.D., the Medical Director of

ORDER - 1

King County's Jail Health Services ("JHS").  The R&R recommends granting Dr. Sanders's motion for summary judgment and dismissing plaintiff's claims that Dr. Sanders and others were deliberately indifferent to his serious medical needs by (i) failing to treat fungal infections of his fingernails and toenails, (ii) failing to treat his skin infections, and (iii) failing to provide follow-up care for injuries sustained in an altercation with corrections officers.

With regard to plaintiff's nail infections, the R&R concludes that, when viewed in light of the record in this case, the operative pleading merely raises a difference of opinion as to the proper course of treatment, which is not actionable under § 1983.  As to plaintiff's skin infections, the R&R reasons that the evidence demonstrates Dr. Sanders and JHS staff provided plaintiff with the necessary and appropriate treatment.  Plaintiff's objections offer no contrary evidence and no basis for modifying or rejecting the R&R's analysis.[1]  Thus, the R&R is ADOPTED in part, Dr. Sanders's motion for summary judgment is GRANTED in part, and plaintiff's claims relating to his nail and skin infections are DISMISSED with prejudice.

With respect to follow-up care for injuries plaintiff sustained during an altercation with corrections officers, the R&R suggests that plaintiff's refusal to be transported to Harborview Medical Center ("HMC") by the same officers involved in the altercation was not based on a justifiable fear.  The Court disagrees.  As attachments to his

---

[1] Plaintiff's contention that he should be allowed to pursue injunctive relief to prevent defendant from continuing to infect him and other inmates at the King County Jail with MRSA (Methicillin-resistant Staphylococcus aureus) lacks merit.  Plaintiff is now at Clallam Bay Corrections Center and cannot now seek this type of prospective remedy for individuals housed in King County Jail.

ORDER - 2

objections to the R&R, docket no. 170 at 5-6, plaintiff has provided copies of forms indicating that he did not refuse treatment, but rather contemporaneously requested that a different officer transport him to HMC.  Each form bears the signature of a JHS staff member.  As the non-moving party, plaintiff is entitled to every reasonable, favorable inference from this evidence, see Furnace v. Sullivan, 705 F.3d 1021, 1026 (9th Cir. 2013), which tends to support his claim that Dr. Sanders, and/or perhaps others,[2] acted with deliberate indifference by interfering with plaintiff's access to medical care.  Thus, with respect to such claim, the Court is not persuaded that Dr. Sanders has demonstrated the requisite absence of genuine disputes of material fact to warrant summary judgment, see Fed. R. Civ. P. 56(a), and the R&R is REJECTED in part.  Dr. Sanders's motion for summary judgment is DENIED in part, and this matter is REFERRED to Magistrate Judge Donohue for further proceedings.

**Conclusion**

For the foregoing reasons, the R&R, docket no. 167, is ADOPTED in part and REJECTED in part, defendant's motion for summary judgment, docket no. 158, is GRANTED in part and DENIED in part, plaintiff's § 1983 claims relating to his nail and

---

[2] The R&R recommends denying plaintiff's motion for reconsideration, docket no. 157, of the denial of his motion to amend his complaint in part because plaintiff's claims were viewed as lacking in merit and no purpose would be served by allowing him to amend to assert the same claims against new defendants.  Plaintiff, however, named "J. Does" as defendants in his operative pleading, docket no. 17, and the Ninth Circuit reversed the dismissal of plaintiff's claim that such "J. Does" were "responsible for refusing to see and treat him," Memorandum at 2 (docket no. 136); see Order at 2 (docket no. 101) (dismissing plaintiff's claims against "B. Sanders and many 'unknown J. Does'" relating to the injuries he sustained during the March 13, 2008, incident).  In light of the Court's ruling concerning plaintiff's "follow-up care" claim, the Court cannot conclude that amending to identify the "J. Does" responsible for coordinating plaintiff's transport to HMC and/or arranging for, or conducting, his follow-up care would be futile, and the Court DECLINES to adopt the R&R's recommendation concerning plaintiff's motion for reconsideration.

ORDER - 3

skin infections are DISMISSED with prejudice, and this matter is REFERRED to Magistrate Judge Donohue for further proceedings as to plaintiff's "follow-up care" claim.[3]  The Clerk is DIRECTED to send a copy of this Order to all counsel of record, to plaintiff pro se, and to Magistrate Judge Donohue.

IT IS SO ORDERED.

Dated this 4th day of November, 2015.

/s/ Thomas S. Zilly

Thomas S. Zilly
United States District Judge

---

[3] The Court DECLINES to address plaintiff's request for the appointment of counsel, *see* Objections at 1 (docket no. 170), and leaves the issue to the sound discretion of Magistrate Judge Donohue.

ORDER - 4